**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Woods, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Fair Collections & Outsourcing of New England, Inc., | ) |
| | ) |
| | ) |
| Defendant. | |

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

### III. PARTIES

3. Plaintiff, Crystal Woods, is a natural person residing in Maricopa County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, Fair Collections & Outsourcing of New England, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.  FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer. During the first communication ever between Plaintiff and Defendant, which took place on or about September 28, 2009, Plaintiff requested that Defendant not call her directly at her place of employment. This conversation and most of the conversations thereafter between Plaintiff and Defendant involved Defendant's representative in charge of Plaintiff's account, named Ann Martin.  After the September 28, 2009, conversation, Defendant continued to call Plaintiff regularly at her place of employment, using one of two numbers, either 602-943-5472 or 602-682-1818.  The calls continued regularly despite Defendant's repeated

reminders to Ann Martin that calls to her workplace were forbidden by her employer and inconvenient to Plaintiff herself. Eventually Plaintiff tired of the calls and decided to go over Ann Martin's head to speak with her supervisor. On or about November 20, 2009, Plaintiff spoke with Ann Martin's supervisor. The supervisor told Plaintiff he was skeptical of Plaintiff's claims, that many of Ann Martin's calls to her workplace had been recorded, and that he would review the recordings to see if Plaintiff had actually asked Ann Martin to stop calling her place of employment. Ann Martin's supervisor did review the recordings and admitted to Plaintiff that yes, she had asked Ann Martin to stop calling her place of employment and Ann Martin had wrongfully failed to update the account. The supervisor promised to take the number out of Defendant's computer system and she has not been called since (§ 1692c(a)(1)(3));

b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including repeatedly threatening to garnish Plaintiff's wages suddenly and without the benefit of a judgment. From the outset of Defendant's contacts with Plaintiff regarding the alleged debt, Ann Martin has threatened Plaintiff in each conversation between her and Plaintiff that Defendant intended to garnish Plaintiff's wages. Plaintiff eventually grew perturbed with the threats and demanded that Ann Martin explain what she meant by the threat. Plaintiff expressed her opinion to Ann Martin that Defendant needed to sue Plaintiff

Complaint - 3

and obtain a judgment first before it could garnish her wages, whereupon Ann Martin answered: "nope, we can just garnish your wages."  (§ 1692e(5));

c) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to garnish Plaintiff's wages within the initial 30-day period for Plaintiff to dispute the debt.  To the extent that the threats mentioned in the previous paragraph took place within the initial 30-day dispute period described by 15 USC § 1692g(a)), those threats are also violations of § 1692g(b) in that the threats overshadowed the disclosures of Plaintiff's right to dispute the debt and the parameters of that right (§ 1692g(b));

d) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.  Defendant has placed calls to Defendant with a frequency that evidences an intent to harass Plaintiff.  To the extent that the call frequency taken by itself does not evidence an intent to harass, all calls beyond the initial conversation with Defendant were in fact made with intent to harass because Plaintiff.  This is because Plaintiff and Defendant reached an impasse during the initial conversation that never progressed.  From the outset, Defendant demanded more money and a higher monthly payment amount for a payment plan than Plaintiff could possibly afford, and Defendant consistently refused to allow Plaintiff to make payments of any amount lower than what Defendant demanded.

Thus, each successive call after the initial conversation was made with specific intent to harass Plaintiff into agreeing to pay an amount she could not afford (§ 1692d(5));

e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including calling Plaintiff before 8:00 am on November 2, 2009 (§ 1692c(a)(1)).

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.  With respect to these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

Complaint - 5

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

### COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

11.   Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Actual damages

B.   Punitive Damages; and,

C.   For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 18th day of January, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff